Volterra, J.
Defendant McDonald’s Corporation (“McDonald’s”) has moved for summary judgment on Count V of plaintiffs complaint, which alleges that McDonald’s was negligent in failing to provide adequate training to its franchisees regarding the hiring and supervision of restaurant employees. Plaintiff further alleges negligence in the hiring and training of Darryl[1] Brown, an employee of the McDonald’s Central Square franchise in Cambridge, Massachusetts.
Defendant McDonald’s contends that Darryl Brown was not an employee of McDonald’s, but of its franchisee, McDonald’s at Central Square. McDonald’s further contends that the franchise agreement between McDonald’s and its Central Square franchisee did not contemplate an employee training program nor was there any training provided by McDonald’s to the franchisee’s employees.
BACKGROUND
The summary judgment record includes the affidavit of Peter L. Schaeffer, an authorized representative of McDonald’s Corporation; deposition testimony of Lawrence Kimmelman, the owner and operator of the Central Square McDonald’s franchise; and plaintiffs answers to interrogatories. To the extent that these materials reveal disputed factual allegations, I accept the version of facts most favorable to the plaintiff for the purposes of this motion; these facts are summarized below.
Plaintiff has alleged personal injury resulting from a July 11, 1990 assault by Darryl Brown, which occurred on public property outside of the McDonald’s franchise located at 463 Massachusetts Avenue in the Central Square neighborhood of Cambridge. Plaintiff had been walking past the restaurant with a friend, *216 who decided to stop in to purchase food, believing that the restaurant was open. Plaintiff alleges that his friend tried to open the doors, which were locked, and was motioned away by persons, including Darryl Brown, who were inside the restaurant. Darryl Brown then exited the restaurant, chased the plaintiff and his friend, and assaulted the plaintiff a short distance from the restaurant. Brown had been working at the restaurant earlier that day and was wearing a uniform at the time of the assault.
According to the affidavit of Peter L. Schaefer, the Central Square McDonald’s franchise was created when McDonald’s Systems, Inc. entered into a franchise agreement with Lawrence Kimmelman on November 18, 1974. The franchise agreement was in effect on July 11, 1990, when the assault occurred. Schaefer’s affidavit states that under the agreement the local franchisee is solely responsible for the operation of his restaurant, including the hiring, training and supervision of its employees. McDonald’s does make available its training center for the McDonald’s System, Hamburger University, and requires its franchisees and their managers to attend the training center at the franchisee’s expense. The franchisee is solely responsible for sending his managers for training, and is solely responsible for hiring, training and supervising his other employees.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pedersen v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
Plaintiff has alleged negligent failure by McDonald’s to train franchisees and negligent hiring and supervision of franchise employee Darryl Brown. Plaintiff submits no evidence that there was any training by defendant McDonald’s of the Central Square franchisee or franchise employees nor any evidence that McDonald’s had a duty, contractually or otherwise, to train franchisees or their employees. Plaintiff has further alleged that defendant knew or should have known about Darryl Brown’s history of violence, for which plaintiff offers no factual support of either the alleged history or the alleged knowledge. As such, plaintiffs allegations amount to mere conclusions, unsupported by evidence, and fail as a matter of law to establish essential elements of plaintiffs claim.
ORDER
For the foregoing reasons it is ORDERED that defendant McDonald’s motion for summary judgment on Count V of plaintiffs complaint be ALLOWED.

 Spelled Darrell by defendants.